Thank you. Hello, Your Honors. I'm Jody Riviere, the appellant, appearing pro se. I respectfully request the court reverse the District Court's summary judgment favoring Helmetica and Depuy. In 2012, I received a hip implant using Apelli's devices. Despite claims that the devices were safe alternatives to metal-on-metal, my injury of metalosis was caused by metal-on-metal impingement and metal wear debris. Metalosis is the accumulation of metal wear debris in tissue. Metalosis can only be diagnosed visually during surgery, which for me occurred on November 11, 2016. I timely filed this action within three years as per CPLR 214C2. Your Honors, Apelli's were aware of these risks, but did not warn my surgeons, who were my agents. Dr. Bully would have chosen different components, and my revising surgeon would have suspected metalosis sooner. Additionally, the court's contrary disqualification rulings for this same conflict of interest unfairly forced me to rely on two causation experts, unable to opine on the complete system's combined impingement. On Helmetica's statute of limitation and discovery, Your Honors, the district court erred by focusing on non-specific symptoms. The pivotal element is the discovery of the primary injury, according to CPLR 214C2. Helmetica must prove that my injury was discoverable before 2015. However, metalosis remains asymptomatic until visually observed during surgery, and cannot be diagnosed through tests. Additionally, the injury's discovery time is a jury question. As per CERQA versus Stryker and CPLR 214C, regarding Helmetica's estoppel. Helmetica deliberately and directly misled my surgeons by promoting its dual mobility device as a safe alternative to metal on metal. And claiming it minimized impingement and metalware debris, while concealing these were its exact risks. Critically, Helmetica internally recognized their dual mobility device as an impingement system with extreme risks, including excessive metalware debris, which Helmetica called a clinically relevant preoccupation that leads to metalosis. Your Honors, Helmetica's deliberate concealment and misrepresentations were intentionally directed at reaching me through my surgeons, rather than through the community at large, as erroneously determined by the district court. Helmetica's fraudulent actions obstructed discovery of my metalosis injury, constituting estoppel. Regarding DePue's failure to warn, DePue knew the risks of combining its stem with Helmetica's dual mobility device. The district court recognized DePue's duty to warn, but focused only on its stem's chemistry in its ruling, overlooking that the combined metal on metal impingement with Helmetica's devices led to my metalosis. Dr. Bulley testified, he avoided metal on metal due to its risks. He was not aware of Helmetica's metal impingement design, and could not imagine a design intending for more impingement. Helmetica misrepresented the impingement as polyethylene on metal, concealing its true metal on metal impingement. The district court recognized DePue's lack of impingement warnings, but failed to consider that those missing warnings would have prompted Dr. Bulley or a reasonable surgeon to choose different components, also a determination for the jury. I testified to my pre-surgical conversation with Dr. Bulley about avoiding metal on metal and metal wear debris. Also, my causation expert, Dr. Jarrell, opined a reasonable surgeon, if warned, would select different devices to eliminate metal on metal impingement. Regarding DePue's limitation of defect and causation expert, the district court disqualified my original expert upon Helmetica's disclosure of his ongoing retention, but refused to disqualify him when it was revealed he was also a paid consultant for DePue in ongoing cases. This constitutes an abuse of discretion and prejudice, as per Sarkis versus DuPont. Your honors, I was forced to rely upon two defect and causation experts. DePue's conflicted and currently retained expert against DePue, and the new expert, Dr. Jarrell, for Helmetica. Neither could opine on the combined impingement from both of Apelli's devices that caused my metalosis. Disclosure of Dr. Jarrell's opinion on DePue was timely, and would not have prejudiced the case. Any delay was justified due to DePue's concealment, as per Patterson versus Balsamico. The court's contrary expert disqualification rulings for the same conflict of interest were inconsistent and prejudicial. I respectfully request this honorable court reverse the district court's holdings and remand this case for jury trial. Thank you. Thank you very much, Ms. Riviere. We appreciate you presenting arguments today. Thank you. Thank you.